NICANDRO RICCI *vs.* EUGENIA MATTEODO *et al.*

JANUARY 19, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This case is before us on defendants' exception to the refusal of the Superior Court to revise plaintiff's bill of costs. The proceedings arise through an action of ejectment wherein the verdict in favor of plaintiff was sustained by this court in an opinion reported in 53 R. I. 448, and the case was remitted to the Superior Court for the entry of judgment on said verdict. The opinion was filed on July 5, but—as was fully explained at the hearing—the date of June 5 was entered on the jacket of the case through a clerical error which was within the power of the clerk to correct. On July 8 the clerk of this court transmitted the papers to the Superior Court in accordance with the mandate of said opinion and thereafter the clerk of the Superior Court entered up judgment under date of June 5 as of December 20, 1932, the date of the verdict. The judgment was duly entered and the dates were correctly taken from the apparent records of the case. On July 17, execution for possession and costs taxed by him in the sum of $72.30 was issued.

On July 6 plaintiff filed in the office of the clerk of the Superior Court a certificate of certain witnesses for court attendance in excess of one day, the fee for such attendance being included in the costs taxed by the clerk. Defendants contend that this certificate was not filed within the time allowed by law therefor and that the costs should be revised and no more than one day's attendance and travel be allowed to any one witness. This contention is based upon the wording of Sec. 15, Chap. 345, G. L. 1923, which reads as follows: "Unless the certificate of a witness, for his attendance and travel, be filed with the clerk of the court rendering judgment, on or before the day of the rendition

of judgment in the cause in which he shall have attended or been summoned, no more fees shall be taxed in favor of the party procuring such witness than one day's attendance and travel."

The record discloses that until July 8 the papers in the case, including the order of the Supreme Court for the entry of judgment, were in the possession of the clerk of the Supreme Court, and that therefore no judgment could be entered until said papers were remitted to the clerk of the Superior Court. Sec. 1, Chap. 344, G. L. 1923, in regard to the entry of judgment reads as follows: "judgment shall be entered on the seventh day following the day of the rendition of the verdict or the decision of the court, unless some motion operating as a stay be filed, or unless there be an express order of the court for the entry hereof, on some later day, or unless otherwise provided by statute."

The appellate proceedings acted as a stay, as above set forth. Until the papers in the case were remitted from the Supreme Court to the Superior Court there was no statutory authority on the part of the clerk of that court to enter judgment. As the plaintiff filed the witness certificate on July 6 and as it was in the possession of the clerk of the Superior Court "on or before the day of the rendition of judgment" there is no legal reason for disallowance of the costs as taxed.

Undoubtedly Sec. 15 of Chap. 345 aforesaid was enacted for the purpose of establishing the convenient and regular practice of requiring that there be in the hands of the clerk not later than the day of the entry of judgment the various certificates of costs for attendance and travel of witnesses to be included in the execution, and of penalizing the litigant failing to follow this rule with the loss of all witness fees in excess of one day's attendance and travel. The advantage of having all such certificates in the hands of the clerk before the entry of judgment, when execution issues, is obvious.

The error of the clerk of this court in making the entry of June 5 was immaterial and did not affect the judgment, but the date June 5 should be changed to July 5, the correct date.

The defendants' exception is overruled and the case is remitted to the Superior Court for further proceedings in accordance with this opinion.

*Judah C. Semonoff*, for plaintiff.

*Charles R. Easton*, for defendants.